# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | | |
|---|---|---|
| **Flame Spray North America, Inc.,** | ) | CA: 6:18-CV-02845-JD |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **Kerr Pumps, Inc.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFF'S MOTION IN LIMINE

COMES NOW Defendant, Kerr Pumps, Inc., ("Kerr"), and hereby moves in limine for the Court to enter an order regarding certain evidence at trial. Specifically, Kerr seeks an order:

1. Preventing Plaintiff from introducing irrelevant evidence of other parts, referred to as "flappers" or "clappers," it manufactured and coated for a company related to Kerr, Flow Valve, LLC, that it alleges were manufactured the same way as the parts sold to Kerr that are at issue in this lawsuit; and

2. Finding that statements made by Ray Monahan, an agent of Flame Spray, to Kerr employees regarding Flame Spray and its products, are admissible at trial as statements of Flame Spray.

## BACKGROUND

Plaintiff has sued Kerr alleging that Kerr breached contracts with it because Kerr did not pay for some of the plungers it ordered from Flame Spray. However, Kerr stopped paying for plungers because coating on the plungers began to flake off or delaminate during use. The plungers, which Plaintiff manufactured and coated, were used by Kerr as a component in fluid ends of fracking pumps that it manufactures and sells to companies in the oil industry that frac oil wells. Kerr was notified

by several of its customers that the plungers in the pumps had failed prematurely because the metal coating on the plungers, which protects the base metal of the plunger, deteriorated and began flaking off (de-laminating).

## ARGUMENT

1.  **Evidence regarding flappers or clappers manufactured by Flame Spray for a company related to Kerr is irrelevant and not admissible at trial.**

Plaintiff elicited testimony during depositions regarding its production and sales of a product called a "check valve," sometimes referred to as a "flapper" or "clapper," to Flow Valve, LLC. Flow Valve is a company that is related to Kerr. Several of Kerr's witnesses testified that Flow Valve bought a product from Flame Spray known as a "check valve," "flapper," or "clapper," that Flow Valve used this product in its flow line products, and that Flow Valve did not complain about the coated check valves delaminating. *See* Jake Foster Dep. 32:25-35:25, Oct. 30, 2020, attached as Exhibit 1; Mark Nowell Dep. 77:3-79:21, June 10, 2021, attached as Exhibit 2; Mike Michaelson Dep. 68:18-69:24, May 4, 2021, attached as Exhibit 3; Zach Nichols Dep. 57:19-58:7, May 6, 2021, attached as Exhibit 4. The products at issue in this lawsuit are piston plungers, manufactured and coated by Flame Spray, that were used by Kerr as a component in the fluid ends of fracking pumps that Kerr manufactures and sells for use in the oil industry. The plungers in Kerr's fluid ends are metal cylinders that continuously move back and forth at a high rate of speed, during operation of a pump. For this reason, the base metal of the plungers is coated to make them last longer. However, the coating Flame Spray applied to the plungers it manufactured and sold to Kerr to use in Kerr's fluid ends, failed because it delaminated, meaning the coating peeled or flaked off from the plungers rendering the plunger unusable. Kerr alleges this was due to a manufacturing defect of the plungers by Flame Spray. Plaintiff denies there was a defect in its product and instead blames the customers who alerted Kerr to the problem they were experiencing with the plungers in the oil field.

The check valves or flappers that Flame Spray sold to Flow Valve are not subject to the same forces that the plungers are subjected to and are not a component of a fluid end. A plunger is essentially a piston that moves back and forth at a high rate of speed to force the flow of fluid, whereas a check valve is merely a flap that stays open most of the time within a pipe. When the pressure of the fluid flowing through the pipe decreases, the check valve simply flaps shut—it is a one-way valve that prevents fluid from flowing the other way. A check valve receives significantly less wear than a plunger. As a matter of fact, Flow Valve no longer uses coated check valves because the valves are not in a high wear area, so the coating did not add any time to their useful life and therefore added no value to the product. Nowell Dep. 79:13-21, Ex. 2. Furthermore, there is no evidence that the coating Flame Spray applied to the check valves is the same coating it applied to the plungers at issue that delaminated. Foster Dep. 35:5-14, Ex. 1; Ray Monahan Dep. at 90:2-9, Sept. 30, 2020, attached as Ex. 5. This is an apples and oranges comparison that is of no consequence to determination of this case. Evidence is relevant if it has any tendency to make a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401. The performance of coated check valves inside a flow line on a frac trailer is not relevant to the performance of a plunger in a fluid end on a pump.

Not only are plungers and check valves different products with distinct functions, Kerr and Flow Valve are also two different companies. While it is true that Kerr and Flow Valve are owned by the same persons, share some management and employees, and have some overlap in customers, they are separate businesses and separate legal entities. Flow Valve is not a party to this case and its experience with products coated by Flame Spray, which are different than the products Flame Spray coated for Kerr that are at issue herein, is not relevant to this litigation and therefore is not admissible. *See* Fed. R. Evid. 402. To the extent such evidence could have any relevance to Plaintiff's claims,

(which is none) the probative value of such evidence is substantially outweighed by the danger of unfair prejudice to Defendant because it has great potential for confusing the issues or misleading the jury. *See* Fed. R. Evid. 403.

Evidence regarding a different part, not plungers, with a wholly different and less strenuous function than that of plungers, that Flame Spray coated for use by a different company than Kerr, does not make the determination of whether the plungers at issue in this case were defective any more or less probable. *See* Fed. R. Evid. 402. Such evidence is not relevant, and is also unduly prejudicial, and should be excluded.

**2.     Statements made to Kerr employees by Ray Monahan as a representative of Flame Spray, are admissible at trial as statements of a party opponent.**

Ray Monahan was, at all times relevant to this litigation, a manufacturer's representative of Flame Spray. Monahan Dep. 6:22-8:7, Ex. 5. He was authorized to speak on behalf of Flame Spray to Kerr about the plungers in connection with the manufacture and sales of the plungers. Monahan Dep. 10:15-11:6, Ex. 5. Monahan travelled to Oklahoma with an employee of Flame Spray, Paolo Mor, and met with Kerr employees regarding Flame Spray manufacturing plungers for Kerr several different times. Monahan Dep. 11:7-17, Ex. 5. On at least one occasion, Monahan went to Oklahoma and met with Kerr on behalf of Flame Spray without any other representative of Flame Spray. Monahan Dep. 11:18-22, Ex. 5. During the sales process, Monahan joined two employees of Flame Spray in a lab and examined a sample plunger that Kerr had sent so that Flame Spray could see what Kerr needed for use in its fluid ends. Monahan Dep. 17:16-20, Ex. 5. Monahan communicated with Kerr, on behalf of Flame Spray, the quotes and specifications of coatings that Flame Spray was offering to Kerr. Monahan Dep. 20:9 -21:10, Ex. 5.  At the time Kerr's customers began experiencing problems with defects in the Flame Spray plungers, Monahan was in the same capacity for Flame Spray. Monahan Dep. 39:12-24, Ex. 5. Monahan was involved on behalf of Flame Spray in trying

4

to find a solution when Kerr's customers experienced problems with the plungers. Monahan Dep. 41:4-23; 44:3 – 45:6, Ex. 5.

Federal Rule of Evidence 801(d)(2) specifies that a statement is not hearsay if it is offered against an opposing party and (C) was made by a person whom the party authorized to make a statement on the subject or (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed. Flame Spray authorized Ray Monahan to make representations and statements to Kerr to sell plungers made by Flame Spray and to foster and support the relationship during the time Flame Spray was selling plungers to Kerr. Additionally, Flame Spray authorized Ray Monahan to reach out to Kerr after the relationship between Flame Spray and Kerr had soured in an effort to salvage the relationship. Even if there was not express authorization by Flame Spray, the sales and performance of the plungers was a matter within the scope of the relationship between Flame Spray and Monahan. Further, such statements by Monahan were made as an agent of Flame Spray within the scope of Monahan's relationship with Flame Spray. As such, the statements of Monahan to Kerr are not hearsay. *See* Fed. R. Evid. 801(d)(2)(D).

WHEREFORE, for the reasons stated above, Kerr respectfully requests the Court grant its motion in limine.

/s/ Kenneth D. Crowder
Kenneth D. Crowder, #11967
SC Bar No. 9690
Crowder Stewart LLP
P.O. Box 160
Augusta, GA 30903
Telephone: (706) 434-8545
ken@crowderstewart.com

Of Counsel:
William W. Speed, OBA# 19031
BRALY, BRALY, SPEED & MORRIS
P.O. Box 2739
Ada, OK 74821

Telephone: (580) 436-0871
Facsimile: (580) 436-0889
wspeed@cableone.net
Pro Hac Vice

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Defendant, certifies that on August 2, 2021, a true copy of the foregoing Response was filed electronically with the Clerk of the court using the CM/ECF system, which will send a notification of such filing to the following:

Catherine F. Wrenn
Catherine.Wrenn@wbd-us.com
Womble Bond Dickinson (US) LLP
550 South Main Street, Suite 400
Greenville, SC 29601

Attorney for Plaintiff

/s/ Kenneth D. Crowder